# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                                        CASE NO. 4:01cr53-RH

RECO FREEMAN,

     Defendant.

_____/

## ORDER REDUCING SENTENCE UNDER AMENDMENT 706

The defendant Rico Freeman has moved for a sentence reduction. United States Sentencing Guidelines Amendments 706 and 715 authorize a reduction. This order grants the motion.

I

The Sentencing Guidelines establish a guideline range for each defendant. The range is based on the defendant's "total offense level" and "criminal history category." The total offense level is based on the defendant's "base offense level" with increases or decreases based on specific offense characteristics. For drug offenses, the base offense level ordinarily turns on the type and quantity of drugs properly attributed to the defendant. *See* U.S. Sentencing Guidelines Manual

("*Guidelines Manual*") § 2D1.1 (2007).

Amendment 706 reduces the crack cocaine base offense level and provides a mechanism for calculating the base offense level in cases involving both crack and another drug. Amendment 715 refines the calculation for cases involving crack and another drug. In most circumstances, the amount of the reduction is two levels.

Amendment 706 became effective on November 1, 2007. Amendment 715 became effective on May 1, 2008.

II

When the Sentencing Commission adopts an amendment reducing a guideline range, the Commission has express statutory authority—indeed, it may even have a statutory duty—to determine whether and under what circumstances a court will be allowed to apply the amendment retroactively to a sentence imposed prior to the amendment's effective date. The statute provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u).

When the Commission determines that an amendment may be applied retroactively, a court may reduce a sentence, but only under the circumstances and

to the extent specified by the Commission.  The court may act on its own motion or on motion of a defendant or the Bureau of Prisons.  The statute that authorizes a sentence reduction provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements issued by the Commission," within the meaning of § 3582(c)(2), are set forth in *Guidelines Manual* § 1B1.10.  As set forth there, proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant." *Guidelines Manual* § 1B1.10(a)(3).  Reductions under § 3582(c)(2) thus may be—and most commonly have been—handled on written submissions, without a hearing.

III

Acting under its § 994(u) authority, the Commission amended *Guidelines Manual* § 1B1.10 to include Amendments 706 and 715 in the list of retroactive amendments.  The Commission imposed explicit limits.  First, a court must not make a reduction unless the amendments change the defendant's guideline range.

*See id.* § 1B1.10(a)(1).  Second, the Commission limited the extent of any reduction.  For a sentence within the original guideline range, a reduced sentence must not be below the low end of the *amended* guideline range.  *See id.* § 1B1.10(b)(2)(A).  For a sentence that was below the original guideline range, however, a reduction to a sentence "comparably less than the amended guideline range . . . may be appropriate."  *Id.* § 1B1.10(b)(2)(B).  Finally, the reduced term of imprisonment must not be less than any applicable minimum mandatory sentence, *see id.*, cmt. n.1(A), nor less than the time the defendant has already served, *see id.* § 1B1.10(b)(2)(C).

IV

Mr. Freeman was sentenced on April 25, 2002.  His total offense level was 36, his criminal history category was I, and his guideline range was thus 188 to 235 months.  I sentenced Mr. Freeman to 188 months, the low end of the range.

Under Amendments 706 and 715, Mr. Freeman's revised total offense level is 34, his criminal history category remains I, and his amended guideline range thus is 151 to 188 months.  Amendments 706 and 715 would allow a reduction of Mr. Freeman's sentence to 151 months.

V

In his motion Mr. Freeman requests a greater reduction.  When Mr. Freeman was sentenced, the guidelines were believed to be "mandatory," but the Supreme

*Page 5 of 6*

Court now has held the guidelines "advisory."  *See United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005); *see also Kimbrough v. United States*, --- U.S. ----, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).  Even so, under the law of the circuit, *Booker* is not retroactive.  *See, e.g., Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).  A court may reduce a sentence based on Amendments 706 and 715 only to the extent authorized by § 1B1.10.  *See United States v. Melvin*, No. 08-13497, 2009 WL 236053 (11th Cir. Feb. 3, 2009) (holding that despite *Booker,* Amendment 706 allows a district court to reduce a sentence only to the low end of the revised guideline range); *United States v. Jones*, 548 F.3d 1366, 1369 (11th Cir. 2008) (holding that *Booker* does not authorize a sentence reduction for a defendant who does not meet the requirements of Amendment 706).   For Mr. Freeman, the authorized reduction is to 151 months.

## VI

Any reduction is discretionary.  In deciding whether and how much to reduce a defendant's sentence (within the limits set forth above), a court may consider the sentencing factors listed in 18 U.S.C. § 3553(a), the nature and seriousness of the danger that a reduction would pose to any person or the community, and the defendant's post-sentencing conduct.  *See Guidelines Manual* § 1B1.10 cmt. n.1(B).  I have considered these factors.  Based on the existing record, including the presentence report, I conclude that Mr. Freeman's sentence

should be reduced to 151 months.

      Accordingly,

      IT IS ORDERED:

      1.  The defendant Reco Freeman's motion to reduce sentence (document 55) is GRANTED.  Mr. Freeman's sentence is reduced to 151 months in custody.  The judgment remains the same in all other respects.

      2.  The clerk must provide a copy of this order to Mr. Freeman himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

      SO ORDERED on February 24, 2009.

                                    s/Robert L. Hinkle  
                                    Chief United States District Judge